UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00607-W

| | |
|---|---|
| MARGARET A. EDWARDS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>COMMERCE, )<br>)<br>Defendant. )<br>_____) | ORDER |

THIS MATTER is before the Court *sua sponte* following the filing of Plaintiff's *pro se* Complaint (Doc. No. 1). Plaintiff filed her Complaint on September 14, 2012, against the "North Carolina Department of Commerce Division of Employment" asserting a cause of action for employment discrimination. At the time of filing the Complaint, Plaintiff also filed a Motion to Proceed *in forma pauperis* (Doc. No. 2), which the Court granted on September 17, 2012 (Doc. No. 3). Defendant answered on November 1, 2012, (Doc. No. 6) and asserts several defenses in its answer, but not by separate motion. Among the defenses listed, Defendant contends the Complaint is frivolous and that this Court lacks jurisdiction over the Complaint.

Although Defendant has not filed or briefed a motion to dismiss, the Court has a responsibility pursuant to 28 U.S.C. § 1915 when a plaintiff has filed *in forma pauperis*, as is the case here. Under the statute, "the court **shall** dismiss the case at any time if the court determines that the action or appeal is . . . frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)(emphasis added). A district court has broad discretion to police *in forma pauperis* filings to prevent abuse of the statute. See Nagy v. FMC Butner, 376 F.3d 252, 255, 257 (4th Cir. 2004); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir.

2006) (noting that 28 U.S.C.A. § 1915(e) applies to all IFP filings, not just those filed by prisoners). Indeed, "to provide free access to the courts without overwhelming the efficient administration of justice with meritless cases, the system relies primarily on the judgment of the district courts to permit suits that are arguably meritorious and to exclude suits that have no arguable basis in law or fact." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

"In evaluating a case under § 1915, a court may look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance." Bullock v. Beasley & Allen, 2009 WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009). To survive dismissal under Rule 12(b)(6), Plaintiff's Complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

Here, Plaintiff's Complaint, construed liberally, asserts that the sole named Defendant – the North Carolina Department of Corrections – discriminated against her based on her race by "termination of [her] employment" when it "denied [her] unemployment benefits" in violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 1, pp. 1, 3). In order to assert a claim for discrimination based on race by virtue of termination of employment, it is well-settled law that:

> The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Here, there is simply no allegation that Plaintiff applied for employment with Defendant, nor is there any allegation that Defendant had

an open position for employment and continued to seek applicants outside Plaintiff's protected class. The allegations concerning Plaintiff's application for unemployment benefits do not constitute an application for employment with Defendant. Even the EEOC Right to Sue letter attached to Plaintiff's Complaint provided her with notice of this fact when it explicitly stated "No Jurisdiction- No Employer/Employee Relationship." (Doc. No. 1-2, p. 1). Put simply, the Complaint is devoid of *any* allegation sufficient to set forth a plausible cause of action under Title VII against this Defendant because Defendant was not a potential *employer* of Plaintiff.

IT IS THEREFORE ORDERED that the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated herein. The Clerk of Court is respectfully directed to close this case and send a copy of this Order to Plaintiff at her address of record.

IT IS SO ORDERED.

Signed: November 2, 2012

Frank D. Whitney
United States District Judge